IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-00139-H

| | |
|---|---|
| JAMES MARKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SULZER METCO (US) INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion to Stay [DE-14] filed by Defendant on September 21, 2011. Defendant has requested that the Court stay the commencement of discovery until after the Court has issued a ruling on Defendant's pending Motion for Judgment on the Pleadings [DE-10], filed on August 26, 2011. The motion for judgment on the pleadings is not yet ripe, and Plaintiff has indicated that he intends to oppose the motion. However, Defendant has informed the Court that Plaintiff does consent to Defendant's request for a stay of discovery pending its resolution. No scheduling order has been entered, and the parties' discovery plan is not due until October 20, 2010.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may, in its discretion, issue a stay of discovery pending resolution of dispositive motions. In so doing, the Court may consider factors such as "the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Somie v. GEO Group, Inc.*, No. 5:09-CT-3142-FL, 2011 WL 1831695, at *1 (E.D.N.C. May 12, 2011) (citations omitted).

Here, Defendant has indicated that the motion for judgment on the pleadings, if granted, would be fully dispositive, that strong support exists for its motion on the merits, and that discovery will not be necessary for disposition of the motion. Furthermore, significantly, Defendant has also indicated that Plaintiff does not oppose this request for a stay. This Court has recently granted defendants' requests for stays under similar circumstances. *See Somie*, 2011 WL 1831695, at *2 ("The pending motions to dismiss . . . will be fully dispositive if they find favor with the court. Defendants further demonstrate strong support for the motions . . . [and] Plaintiffs do not dispute that discovery is not relevant to the dispositive motions . . ."); *McMillian v. N.C. Cent. Prison*, No. 5:10-CT-3037-FL, 2011 WL 4433816, at *1 (E.D.N.C. Sept. 22, 2011) (granting defendants request for a stay of discovery while their motion for judgment on the pleadings was pending, citing as persuasive the fact that the motion was fully dispositive and that the plaintiff did not oppose the request). Accordingly, the Court finds that Defendant's request for a stay of discovery pending resolution of the motion for judgment on the pleadings is a fair and just attempt to conserve resources, and its motion to stay is granted.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's Motion to Stay [DE-14] be **GRANTED** and that the parties' discovery obligations be **STAYED** pending resolution of Defendant's Motion for Judgment on the Pleadings [DE-10].

This the 28th day of September, 2011.

DAVID W. DANIEL
United States Magistrate Judge